St. Louis, Iron Mountain & Southern Railway Company
*v.* Tukey.

Opinion delivered March 15, 1915.

1.  RAILROADS—FALSE ARREST—ACT OF EMPLOYEE.—A railroad company will be liable in damages when its servant caused the arrest of a passenger, it being the servant's duty to protect the passenger, when damages are shown to have resulted.

2.  RAILROADS—DUTY TO PASSENGERS.—A railroad company is an insurer of the safety of its passengers against intentional ill treatment, from its servants and agents whose duties relate to the comfort and safety of its passengers and require them to come in contact with the passengers.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

J. B. Tukey, a traveling salesman, bought a ticket from Batesville to New Augusta, Arkansas, on the 31st of July, 1913, and changed cars at Newport. When he attempted to board appellant's train, there was a woman passenger in front of him and he and the other passengers, who were all impatient, were detained while the brakeman waited for the lady to search in her bag for a ticket, which she feared was lost.

Tukey with his personal baggage and sample grips, two in one hand and one in the other, started to board the train, the brakeman asked him where he was going and he replied to New Augusta, and was requested to show his ticket, which Tukey produced after setting his grips down. The brakeman then told him to move on, but Tukey insisted on his reading the ticket and seeing the destination. This caused an argument and contention and the brakeman finally told him if he did not get on in he would have him arrested and Tukey went on into the car and sat down.

The brakeman turned to another employee of the company and told him to get a policeman, who appeared in a few minutes and the brakeman went to the door of the car with the officer and pointed out Tukey to him. The officer then arrested him, and upon his inquiry for the cause of his arrest, was told "it was for drunkenness, that there were nine saloons in Newport and nine million gallons of whiskey, to come on and he could get all he wanted to drink."

He protested that he was not drunk, but the officer took him out on the platform, and after detaining him five or ten minutes decided he was not too drunk to proceed with the journey and released him.

He stated that he was never intoxicated in his life, did not drink at all, and that he had used no profane or boisterous language in talking to the brakeman, but had only insisted, after he was requested to produce his ticket, that the brakeman read the station of his destination therefrom. That he was never arrested in his life before,

was greatly chagrined and humiliated by being arrested under the circumstances and suffered much anguish of mind on account thereof.

Others testified that the drummer, when the lady was searching for her ticket, elbowed his way to the front of the crowd and said, ''I hope to God you have lost it and will never find it.'' This he denied.

They also said he was excited and talking loud to the brakeman and appeared to be drunk.

A judgment for $500 damages for the wrongful arrest of appellee was rendered against the railroad company, from which it appealed.

*E. B. Kinsworthy, P. R. Andrews* and *T. D. Crawford,* for appellant.

1. The second instruction, given at appellee's request, leaves the jury to find damages without reference to the testimony, and allows them to base their finding upon conjecture or speculation. Specific objection was made on this ground, and the court erred in not curing the defect. 105 Ark. 205.

2. The damages awarded are manifestly excessive. If appellant caused appellee's arrest, his own conduct brought it about.

3. No liability on the part of appellant is shown. There is no evidence tending to show that the brakeman had any authority to cause appellee's arrest. 87 Ark. 524.

*S. Brundidge,* for appellee.

1. The brakeman who caused the arrest was one of the employees of appellant, in charge of the train, and as such had duties to perform with reference to the comfort and safety of passengers; and when he caused the wrongful arrest of appellee, who was at the time a passenger on the train, appellant became liable, even though the brakeman was acting without the scope of his authority and had departed from the line of his duty. 82 Ark. 292; 97 Ark. 28; 99 Ark. 235; 96 N. E. 58; Hutchison on Carriers, § 1100.

2. There was no error in giving the second instruction for plaintiff. It did not authorize any finding not based on the evidence.

3. The verdict is not excessive.

KIRBY, J., (after stating the facts). It is insisted for reversal that there is no liability against the railroad company for the arrest of appellee, the brakeman being without authority to cause the arrest, and that the testimony shows the arrest was in fact made by the peace officer.

*C., R. I. & P. Railway Company* v. *Nelson,* 87 Ark. 524, is relied on in support of appellant's contention. There the arrest was caused by the gateman at the depot, who refused to allow the persons to pass through the gate and take the train because the tickets presented by them had already been punched, and the court held (quoting syllabus):

"A railroad company is not liable for the wrongful arrest by a policeman of a passenger, though the arrest was made under the direction of the company's station master, if the latter had no authority to direct the arrest to be made."

In *Mayfield* v. *St. L., I. M. & Sou. Railway Co.,* 97 Ark. 28, the court held that a railway company was liable for any wrongful arrest of a passenger made or procured by its servants in charge of the train, being under obligation to protect the passengers against any negligent or wilful misconduct of its servants, while performing its contract of carriage.

The brakeman was enforcing the rule as was his duty to do requiring the passengers to show their tickets before boarding the train, and the controversy arose between him and the passenger while performing this service. After the incident was closed and the passenger had desisted from further contention and argument and moved on by the direction of the brakeman and taken his seat in the coach, the officer who had been sent for by the brakeman made the arrest. There is no question but that Tukey was a passenger at the time of his arrest, nor of the fact that he was arrested and taken from the train

after having been pointed out to the officer by the brakeman, who had threatened to have him arrested if he did not move on, and sent for an officer for that purpose.

(1)    The colloquy between the passenger and the brakeman had already been finished before the arrival of the officer, and since it did not amount to an offense or violation of the law for which he could be arrested and the necessity for the proper protection and handling of the passengers in their embarkation had already passed, the causing of the passenger's arrest was a violation of the railway's duty to him for which it is liable in damages.

(2)    The railroad is an insurer of the safety of the passengers against intentional ill treatment from its servants and agents whose duties relate to the comfort and safety of its passengers, and require them to come in contact with the passengers. *Moore* v. *Louisiana & Arkansas Railway Company,* 99 Ark. 235.

Instruction numbered 2, relative to the measure of damages, means only that the jury were authorized to find for the matters set out therein, as shown by the evidence, and did not leave the jury free to find damages against the company without regard to such matters as shown by the testimony.

The passenger who was not given to drinking and who was arrested and taken from the train and detained on the outside of the coach for ten minutes, remonstrated against his arrest and insisted that he be allowed to proceed with his journey, was necessarily humiliated and chagrined and suffered such anguish from the condition produced and the situation developed, as entitled him to substantial compensation, and the award of the jury is not excessive.    The passenger's persistent demand of the brakeman to read his ticket after that official had rightfully requested him to produce it, doubtless provoked him to go to the unwarranted extent of having the officer to arrest the passenger, but that did not excuse the company for the violation of its duty to him.

There is no prejudicial error in the record, and the judgment is affirmed.